428248.1

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MATTHEW BAPST,<br><br>         Plaintiff,<br><br>v.<br><br>BISCOM INC.,<br><br>         Defendant. | Civil Action<br><br>No. 16-cv-00217-LJV-JMM |

## STIPULATED CONFIDENTIALITY ORDER

1. This Confidentiality Order ("Confidentiality Order" or "Order") shall govern the designation and handling of non-public information and designated Confidential Information produced in discovery in this Action by any party or non-party.  Documents obtained by, or made available to, any party by lawful means other than through the discovery provisions of the Federal Rules of Civil Procedure shall not be subject to this Confidentiality Order.

2. All information obtained by discovery in this Action and designated either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall be used only for the purposes of this Action and disclosure shall be limited as provided herein. Any party or non-party may designate as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" any documents, testimony, or other information produced or provided in this Action, which the designating party believes in good faith is subject to protection under Rule 26(c)(7) of the Federal Rules of Civil Procedure ("Confidential Material").

3. Confidential documents or information shall be so designated by affixing one of the following legends in a size and location that makes the designation readily apparent and does not obscure or deface the document:

**CONFIDENTIAL**

or:

**HIGHLY CONFIDENTIAL.**

4. If any non-public documents or information are inadvertently produced or disclosed without such CONFIDENTIAL or HIGHLY CONFIDENTIAL designation, the designating party may as soon as practicable so advise all parties of the inadvertent disclosure and request that the information and documents be treated as CONFIDENTIAL or HIGHLY CONFIDENTIAL to the extent possible after such notification, by producing again copies of the documents or information with the legend required by paragraph 3 hereof. In such event, the receiving party shall take reasonable steps to retrieve the subject information and documents from any person not a Qualified Person as hereinafter defined and to request them to regard the information as confidential and not disclose it to any person not a Qualified Person.

5. Any party wishing to designate as CONFIDENTIAL or HIGHLY CONFIDENTIAL any deposition testimony or documents submitted as exhibits to depositions may do so on the record during the deposition, or, to the extent the party inadvertently or mistakenly fails to do so, within 30 days after receipt of the

deposition transcript and exhibits, by providing written notice of the designation to the parties and any other affected person as required by Paragraph 4. The party making the designation at the deposition shall be responsible for informing the court reporter in order to have those portions of the deposition transcript and exhibits designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL appropriately marked and separately bound by the court reporter.

6. All documents and information designated CONFIDENTIAL or HIGHLY CONFIDENTIAL shall be disclosed only to Qualified Persons as hereinafter defined and shall not be further disclosed by them except to Qualified Persons for the same or greater level of confidentiality. Such information shall be used solely for purposes of this Action and shall not be disclosed for any other purpose.

7. A party that wishes to file with the Court Confidential Material that has been produced by another party to the action in support of any motion or for any other purpose shall advise the designating party at least fourteen days before such intended filing, shall specify the material(s) that it intends to file, and shall indicate whether it will oppose a motion to file such documents under seal. If within such fourteen days the producing party files a motion to permit such material to be filed under seal, then the party shall refrain from filing such material until the motion to seal is ruled upon, and, if granted, shall file such Confidential Material under seal. Nothing herein shall relieve any party that seeks leave to file material under seal from showing good cause for same or from

complying with the requirements of Local Civil Rule 5.3(c) or any applicable Administrative Procedures concerning filing of Sealed Documents

8. Confidential Material may only be disclosed to the Court and its personnel and Qualified Persons, and shall not be disclosed to any other persons.

9. With respect to Confidential Material designated as CONFIDENTIAL, Qualified Persons shall be:

(a) Attorneys employed by the law firms of record representing the parties and non-parties in this Action, and in-house counsel employed by the Parties, and their respective secretarial, clerical and paralegal employees whose functions require access to such Confidential Material for purposes of this Action.

(b) Expert consultants and expert witnesses who are retained for the purpose of preparing for, or testifying at the trial of this Action, but only as to such Confidential Material as directly relates to the matters and issues for which that expert has been retained and with prior notice as provided in Paragraph 11 hereof, and provided that before disclosure of Confidential Material to such persons, each shall be supplied with a copy of this Stipulation and Confidentiality Order and shall execute an acknowledgment of having read and agreed to be bound, in the form annexed hereto.

(c) Such officers, directors or employees of a receiving party whom counsel for said party reasonably determines needs to be shown

such Confidential Material to assist counsel's prosecution or defense of this Action, provided that before disclosure of Confidential Material to such persons, each shall be supplied with a copy of this Stipulation and Confidentiality Order and shall execute an acknowledgment of having read and agreed to be bound, in the form annexed.

    (d) Any person who has previously had lawful access to such Confidential Material.

    (e) The Court and any Court personnel.

Counsel making disclosures as permitted herein will be responsible for informing the recipients of Confidential Material of the terms of this Stipulation at the time of disclosure and that they will be subject to the terms of this Stipulation, and for obtaining the prior signed acknowledgment in the case of Qualified Persons as defined in subparagraphs (b) and (c) above.

10. With respect to Confidential Material designated as HIGHLY CONFIDENTIAL, Qualified Persons shall be:

    (a) Attorneys employed by the law firms of record representing the parties and non-parties in this Action, and in-house counsel employed by the Parties, and their respective secretarial, clerical and paralegal employees whose functions require access to such Confidential Material for purposes of this Action.

    (b) Expert consultants and expert witnesses who are retained for the purpose of preparing for, or testifying at the trial of this Action,

but only as to such Confidential Material as directly relates to the matters and issues for which that expert has been retained and with prior notice as provided in Paragraph 11 hereof, and provided that before disclosure of Confidential Material to such person, each shall be supplied with a copy of this Stipulation and Confidentiality Order and shall execute an acknowledgment of having read and agreeing to be bound, in the form annexed hereto.

(c) Any person who has previously had lawful access to such Confidential Material.

(d) The Court and any Court personnel.

Counsel making disclosures as permitted herein will be responsible for informing the recipients of Confidential Material of the terms of this Stipulation at the time of disclosure and that they will be subject to the terms of this Stipulation, and for obtaining the prior signed acknowledgment in the case of Qualified Persons as defined in subparagraph (b) above.

11. With respect to the experts referred to in Paragraphs 9(b) and 10(b) hereof, the receiving party proposing to disclose Confidential Material to such expert shall give the party who designated confidentiality at least 10 days written notice of its intention to disclose such Confidential Material, together with the identity and curriculum vitae of such expert. If the designating party objects to such disclosure, said party may move the Court to prevent such disclosure within

CONFIDENTIAL, the parties shall first attempt to resolve their dispute by meeting and conferring with five (5) business days. If the dispute is not resolved through the meet and confer process, the party objecting to the confidentiality designation may at any time thereafter move the Court for appropriate relief with respect to the disputed designations. Any disputed document or other material shall be treated with the designated confidentiality until the Court rules upon any such motion.

14. Nothing in this Protective Order shall be deemed a waiver of the right of any party to object to discovery as provided under the Federal Rules of Civil Procedure on any basis other than confidentiality. Nothing herein shall affect (a) the designating party's obligation to show "good cause" for the protection of the information under Rule 26(c) upon motion filed pursuant to Paragraph 13, or (b) the right of any party to apply to the Court on notice to all affected parties to obtain relief from this Order or to remove the confidentiality designation from any document or information.

15. Nothing contained in this Protective Order shall be construed to require production of Confidential Material or Highly Confidential Material that is privileged or otherwise protected from discovery. If any document or information is produced that a Party believes is immune from discovery pursuant to the attorney-client privilege and/or the work-product doctrine, such production shall not be deemed a waiver of any such privilege or doctrine, and such party may give written notice to the receiving party that the document or information produced is deemed privileged and that return of the document or information is

requested. Upon receipt of such written notice, the receiving party shall immediately gather the original and all copies of the document or information of which the receiving party is aware and shall immediately return the original and all such copies to the producing party. The return of the document(s) and/or information to the producing party shall not preclude the receiving party from later moving the Court to compel production of the returned documents and/or information.

16. In the event that a party seeks discovery from a nonparty to this action, the nonparty may invoke the terms of this Order in writing to all parties with respect to any Confidential Material or Highly Confidential Material to be provided to the requesting party by the nonparty.

17. At the final conclusion of this litigation, including any appeals, Confidential Material subject to this Order, including all copies thereof, shall be returned to the producing party or destroyed, at the producing party's option. Within 90 days of the conclusion of this litigation, the party returning or destroying such Confidential Material shall certify in writing to the producing party that the Confidential Material has been returned or destroyed.

18. Nothing in this Confidentiality Order shall limit any producing party's use of its own documents or shall prevent any producing party from disclosing its own Confidential Materials to any person. Such disclosures shall not affect any designation made pursuant to the terms of this Order so long as the disclosure is made in a manner that is reasonably calculated to maintain the

confidentiality of the information, and does not result in the information becoming public knowledge as provided in this protective order.

19. The restrictions set forth in any of the preceding paragraphs shall not apply to information or material that:

  (a) was or has become public knowledge in a manner not in violation of this Confidentiality Order or applicable law;

  (b) is acquired by the receiving party without the process of the court from a third party having the right to disclose such information or material;

  (c) was lawfully possessed by the receiving party prior to entry by the Court of this Confidentiality Order.

20. The terms of this order shall survive the final termination of this Action, and this Court retains jurisdiction of the parties, and of any person who executes a copy of Exhibit A, indefinitely as to any dispute between any of them regarding improper use of information disclosed pursuant to this Order.

21. The terms of this Stipulated Confidentiality Order may be modified by the Court for good cause shown upon notice to all parties.

**IT IS SO STIPULATED:**

Dated:   November 2, 2016

LAW OFFICES OF KENNETH
HILLER, PLLC

By: _____
Seth J. Andrews, Esq.
Kenneth R. Hiller, Esq.
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288

*Counsel for Plaintiff Matthew Bapst*

Dated:   November 2, 2016

SPRINGUT LAW PC

By:   /S/ Milton Springut_____
Milton Springut, Esq.
45 Rockefeller Plaza, 20th Floor
New York, NY 10111
(212) 813-1600

*Counsel for Defendant Biscom Inc.*

**IT IS SO ORDERED.**

Dated:  11/2/16

_____
Hon. Jeremiah J. McCarthy,
United States Magistrate Judge

## EXHIBIT A

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MATTHEW BAPST,<br><br>Plaintiff,<br><br>v.<br><br>BISCOM INC.,<br><br>Defendant. | Civil Action<br><br>No. 16-cv-00217-LJV-JMM |

### AGREEMENT TO BE BOUND BY CONFIDENTIALITY ORDER

The undersigned states that he/she has read and understands the Stipulated Confidentiality Order entered by the Court in this action and agrees to abide by and be bound by its terms and conditions. The undersigned further submits to the jurisdiction of the United States Court for the Western District of New York for the purposes of enforcing the Confidentiality Order and the punishment of any violation thereof.

Dated: 11-2-16
Signed: *[signature]*
Print Name: Seth J. Andrews
Address: 6000 North Bailey Ave Suite 1A
Amherst NY 14226